IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GEORGE MARTIN and MARTIN CUSTOM HOMES, L.L.C., | Case No. CV 08-470-CWD |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER |
| v. | |
| ED SMITH, and CAMAS COUNTY IDAHO, by and through the duly elected Board of Commissioners in their official and individual capacities, KEN BACKSTROM, BILL DAVIS, and RON CHAPMAN, | |
| Defendants. | |

Currently pending before the Court is Defendant Camas County's Motion for Attorneys' Fees and Costs (Docket No. 42). After thoroughly reviewing the record and the briefing in this matter, the Court finds the Motion will be denied.[1]

On November 5, 2008, Defendants removed this case to the Court on the basis of federal question jurisdiction. On March 17, 2009, the Court remanded Count III in Plaintiff's Amended Complaint requesting declaratory judgment to the state court, finding that exceptional circumstances existed. (Order, Docket No. 32.) On September 30, 2009, the Court entered an order granting Defendants' Motions for Summary Judgment on Count II alleging tortious interference with contract against County Defendants, including Ed Smith in his official capacity

---

[1] Despite Defendants' request for oral argument, the Court finds the motion suitable for disposition without oral argument pursuant to Dist. Idaho Loc. Civ. R. 7.1(d)(2).

as a County Commissioner, and on Counts V and VI alleging due process and equal protection violations pursuant to 42 U.S.C. §1983. (Order, Docket No. 41.)  The only claims remaining before the Court are Counts I and II, alleging breach of contract and tortious interference with contract against Defendant Ed Smith in his individual capacity.

A.      **Attorney Fees and Costs**

On October 14, 2009, Defendant Camas County moved for an award of attorney fees and costs (Docket No. 42) pursuant to Idaho R. Civ. P. 54(d)(1), (d)(5) and 54(e)(5); Fed. R. Civ. P. 54(d)(1) and (d)(2); and I.C. §12-117. Defendant argues entitlement to attorney fees because the Court granted its motion for summary judgment on Counts V and VI, and on Count II against Ed Smith in his official capacity. Plaintiffs opposed the motion for fees arguing that the applicable standards for an award of attorney fees and costs have not been met.  Defendant makes no argument in reply.[2]

A district court may award attorney fees to a prevailing civil rights defendant pursuant to 42 U.S.C. §1988, if the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious." *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9 th Cir. 2007) (internal citations omitted). "A case may be deemed frivolous only when the result is obvious or the ...arguments of error are wholly without merit." *Gibson v. Office of the Attorney General*, *State of California*, 561 F.3d 920, 929 (9th Cir. 2009)(internal citations omitted).  A losing Section 1983 claim is without merit only if it is "groundless or without foundation."  *Id.* (citing *Christiansburg Garment Co v. EEOC*, 434 U.S. 412, 421 (1978)).

Defendant also contends it is entitled to attorney fees on the basis of I.C. § 12-117, which

---

[2] Defendant did not fully explain the basis for an award of attorney fees but Plaintiff responded to the possibility of an award of fees under both I.C. §12-117 and 28 U.S.C. §1988.

provides:

> In any civil judicial proceeding involving as adverse parties a state agency, a city,
> a county or other taxing district and a person, the court shall award the prevailing
> party reasonable attorney's fees, witness fees and reasonable expenses, if the
> court finds that the party against whom the judgment is rendered acted without a
> reasonable basis in fact or law.

Plaintiffs contend that their civil rights claims were not unreasonable, meritless, frivolous or without a reasonable basis in fact or law. The Court agrees. The issues involved in resolving the motions for summary judgment were complex and Plaintiffs' position was not groundless, particularly in light of the prior state court decisions in the same action and the complexity of the issues addressed in the lengthy briefing submitted on the motion for summary judgment. Therefore, the Court will not award attorney fees to Defendant Camas County.

However, costs other than attorney fees "should be allowed" to the prevailing party. Fed. R. Civ. P. 54(d)(1). Taxable costs are submitted by filing a cost bill pursuant to Dist. Idaho Loc. Civ. R. 54.1. Here, counsel for the Defendant has submitted an affidavit including only attorney fees claimed by Defendant, and there is no cost bill in proper form before the Court at this time. To the extent the Defendant claims costs as a matter of right, Defendant should comply with Dist. Idaho Loc. Civ. R. 54.1. To the extent Defendant claims discretionary costs,[3] the Court denies such costs consistent with its denial of attorney fees.

### B.     Supplemental Jurisdiction Over Counts I and II

When a federal district court has dismissed all claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining state law

---

[3] Discretionary costs are outlined in Defendant's Memorandum of Costs and Attorneys' Fees (Docket No. 44).

MEMORANDUM DECISION AND ORDER - 3

claims. *See* 28 U.S.C. § 1367(c).[4] While the elimination of all federal claims gives the district court "a powerful reason to choose not to continue to exercise jurisdiction" the district court's decision to retain, dismiss, or remand the remaining supplemental claims is discretionary and the district courts have a wide latitude to make this decision. *State of Tenn ex rel. Pierotti v. A Parcel of Real Property Municipally Known as 777 N. White Station Road, Memphis, Tenn.* 937 F.Supp. 1296 (W.D. Tenn. 1996) (citing *Carnegie Mellon University v. Cohill*, 484 U.S. 343 (1988)); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (Va. 1995) (citing *Noble v. White,* 996 F.2d 797, 799 (5th Cir. 1993)). In making this decision, the federal court should take into consideration convenience and fairness to the parties, the existence of any underlying issue of federal policy, comity and considerations of judicial economy. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Further, remand may be appropriate where "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).

As noted above, the federal claims providing the bases of the Court's jurisdiction are no longer before the Court. The only remaining claims are the state law claims brought under Counts I and II against Defendant Ed Smith in his capacity as a realtor. Although the Court could retain jurisdiction over the remaining state law claims, the Court finds that, in the interest of convenience to the parties as well as comity, the claims should be remanded to the Fifth Judicial District of the State of Idaho, in and for the County of Camas, for all further proceedings.

---

[4] 28 U.S.C. § 1367(c) states: "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original jurisdiction...".

MEMORANDUM DECISION AND ORDER - 4

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED** that:

1)  The Defendant's Motion for Attorneys Fees and Costs (Docket No. 42) is denied as more fully explained above.

2)  This action is remanded to the Fifth Judicial District of the State of Idaho, in and for the County of Camas for all further proceedings.

3)  Judgment of dismissal shall be entered by the Court consistent with this Order and the Court's Order on Defendant's Motion for Summary Judgment (Docket No. 41).



DATED: February 8, 2010

Honorable Candy W. Dale
Chief United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 5